### In re GARDEN RIDGE CORPORATION et al., Debtors.

### No. 04–10324(KJC).

United States Bankruptcy Court, D. Delaware.

Aug. 25, 2006.

---

---

Joseph M. Barry, Erin Edwards, Sean T. Greecher, Pauline K. Morgan, Young, Conaway, Stargatt & Taylor, Wilmington, DE, for Debtor.

### MEMORANDUM OF OPINION AND ORDER [1]

RANDOLPH BAXTER, Bankruptcy Judge.

Before the Court is the Fourth Omnibus Non–Substantive Objection to Claims brought by the Post Effective Date Committee (the "Committee"). The Committee objects to the claim of Lancaster Colony Corporation ("Lancaster") because it was filed after the bar date. For the reasons set forth below, the Court will overrule the objection.

1. This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052, which is made applicable to contested matters by Federal Rule of Bankruptcy Procedure 9014.

## I. BACKGROUND

On February 2, 2004, Garden Ridge Corporation and several of its affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Prior to the petition date, the Debtors operated home decor retail stores and distribution centers. Lancaster supplied goods to the Debtors. On March 1, 2004, the Court fixed April 19, 2004 as the general bar date to file general claims. Thereafter, the Debtors scheduled an unsecured non-priority liquidated debt owed to Lancaster in the amount of $100,999.56. The debt also was reflected on the proof of claim sent to Lancaster, on which $100,999.56 was listed.[2]

Lancaster, however, did not agree with the scheduled amount. On April 22, 2004, Lancaster filed an unsecured non-priority proof of claim [3] for $186,236.87, which was received by the claims agent on April 26, 2004.

On April 28, 2005, the Court entered an order confirming the Debtors plan of reorganization (the "Plan") which went effective on May 12, 2005. Under the Plan, the Committee has authority to object, prosecute, and settle objections to, among others, general unsecured claims.[4]

The Committee filed its Fourth Omnibus Non–Substantive Objection (the "Objection") on October 20, 2005, and seeks to disallow in full and expunge the claim of Lancaster as late filed. See 11 U.S.C. § 502(b)(9). Lancaster filed a response to the Objection on November 1, 2005.

2. The proof of claim included language that informed Lancaster that it did not need to file the claim if it agreed with the priority and amount scheduled by the Debtors.

3. Claim No. 1250.

4. See Plan Section VIII. B(2)(b).

The Court held a hearing on the Objection on November 16, 2005, at which the parties presented argument. This matter is now ripe for decision.

## II. JURISDICTION

This Court has jurisdiction over this matter as a core proceeding pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A), (B) and (O).

## III. DISCUSSION

### A. Excusable Neglect Standard

■■■ Under the Federal Rules of Bankruptcy Procedure the Court may extend the period in which a proof of claim may be filed if the late filing resulted from excusable neglect.[5] A finding of excusable neglect is based on equity and depends on the particular circumstances and facts of the case. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). Accordingly, excusable neglect is not "limited to situations where the failure to timely file is due to circumstances beyond the control of the filer." *Id.* at 391, 113 S.Ct. 1489.

■■ The Court determines excusable neglect after considering four factors: "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* "All factors must be considered and balanced; no one factor trumps the others." *Hefta v. Official Comm. of Unsecured Creditors (In re American Classic Voyages Co.)*, 405 F.3d 127, 133 (3d Cir. 2005); (*citing George Harms Constr. Co. v. Chao*, 371 F.3d 156, 164 (3d Cir.2004)).

### B. Analysis

■■ The issue before the Court is whether Lancaster's late filed proof of claim should be allowed. Lancaster admits that it made a mistake in missing the filing deadline, but urges the Court to weigh the factors under *Pioneer* and not to artificially enforce the deadline. The Committee asserts that a late filed claim may be allowed only if the claimant establishes excusable neglect. The Committee contends that Lancaster can provide no excuse for its delay.

#### 1. Prejudice

The Committee asserts prejudice exists because the allowance of the Lancaster claim would reduce the value of claims held by other creditors. The Plan provides that "[e]ach holder of an Allowed General Unsecured Claim shall receive a pro rata distribution of the Preferred Shares ...." *See* Plan Section IV. E. 1. Thus, the Plan allows creditors to receive preferred stock in the Reorganized Debtors; the greater the overall claim amount, the less each individual creditor will receive. The Committee contends that it would be unfair to allow a claimant, who failed to be vigilant, a share with everyone else.

Lancaster argues that the Debtors will suffer no prejudice by the allowance of a claim that was filed one week after the bar date. Lancaster notes that the Debtors were on notice of the claim early in the case. For example, the debt was scheduled by the Debtors and the proof of claim was filed several months before the governmental bar date and a year before the Plan was confirmed. Lancaster argues that the Committee's view of prejudice under *Pioneer* is mistaken. For Lancaster, real prejudice to the Debtors must exist, not simply an effect on the size of the pot

---

**5.** *See* Rules 3003(c)(3) and 9006(b)(1).

available for distribution to creditors under the plan.

■ The Committee takes a narrow view of prejudice. The Court, however, must consider several factors in determining prejudice. These include "whether the debtor was surprised or caught unaware by the assertion of a claim that it had not anticipated; whether the payment of the claim would force the return of amounts already paid out under the confirmed Plan or affect the distribution to creditors; whether payment of the claim would jeopardize the success of the debtor's reorganization; whether allowance of the claim would adversely impact the debtor actually or legally; and whether allowance of the claim would open the floodgates to other future claims." *Pro–Tec Serv., LLC v. Inacom Corp. (In re Inacom Corp.),* No. 00–2426, 2004 WL 2283599 *4 (D.Del. October 4, 2004) (*citing Manus Corp. v. NRG Energy, Inc. (In re O'Brien Envtl. Energy, Inc.),* 188 F.3d 116, 126–28 (3d Cir.1999)).

After balancing the above factors, the Court concludes that the prejudice factor weighs in favor of Lancaster. The Debtors cannot be surprised by the claim: it was scheduled, albeit at a lower amount, and filed one week after the bar date. Potential payment of the claim, as a general unsecured claim, will be in the form of preferred stock in the Reorganized Debtors and will not require the disgorgement of any amounts already paid out. Although, as the Committee points out, this may affect the amount of preferred stock ultimately received by other creditors, this fact alone, when balanced against the other factors, is insufficient grounds for a finding of prejudice.

The Committee is in the process of reconciling claims against the estate; nothing suggests that the Debtors reorganization would be jeopardized or that the Debtors would be impacted by the allowance of the claim. Finally, the number of post-bar date claims appears to be small, and therefore, floodgate risk is minimal.[6] The Court finds this case unlike situations where the allowance of the claim might render the bar date meaningless. *See, e.g., American Classic,* 405 at 133 (finding prejudice where "other prospective claimants have filed late claims for a total value of almost $5 million, and numerous inquiries from prospective claimants" continued to be received).

Therefore, after considering the above factors, the Court concludes the prejudice factor weighs in favor Lancaster.

### 2. Length of Delay and Potential Impact on Judicial Proceedings

■ Lancaster corrected its mistake by filing a proof of claim on April 26, 2004, which was seven days after the bar date. Although the Objection now being considered was brought well after the bar date and Plan confirmation, the Court should consider the length of delay in absolute terms. *See O'Brien,* 188 F.3d at 130. To treat otherwise would reward a debtor or committee for delaying the plan confirmation process or the bringing of an objection to claims. *Id.* Moreover, the Court finds minimal impact on judicial proceedings in real terms: the Committee is in the midst of bringing their claims objections (e.g., late filed, amended, and duplicate) and a distribution is not expected for some time.

Therefore, the Court concludes that the length of delay and impact on judicial proceedings favors Lancaster.

### 3. Reason for Delay

The Committee asserts that lack of excuse should be dispositive because Lancas-

---

6. The Committee's Fourth Omnibus Non-Substantive Objection to late filed claims included eight claims for a total of $232,983.92, which includes Lancaster's claim for $186,236.87.

ter did not provide any reason for its delay or make any showing that the delay was or was not within its reasonable control. Lancaster admits that it was careless in the way it handled the bar date notice. Indeed, Lancaster accepts the entire blame for the late filing. As stated by Lancaster at the hearing: "We are not arguing that the debtors did anything wrong that caused us to file a proof of claim. It was simply carelessness on our part."[7] Accordingly, the Court weighs this factor against Lancaster and in the Committee's favor.

### 4. *Good Faith*

The record is void of anything that suggests Lancaster did not act in good faith. Lancaster admits it made a mistake, but it acted quickly to correct it. Therefore, this factor weighs for Lancaster.

## IV. *CONCLUSION*

After weighing the above factors, the Court concludes that excusable neglect is present in this case. Prejudice, length of delay, and good faith all support Lancaster's request for allowance. Although Lancaster was careless in its obligation to file its claim by the deadline, that fact standing alone does not support the denial of its claim. "[T]he concept of excusable neglect clearly anticipates [carelessness by the claimant], i.e., neglect on the part of the one seeking to be excused." *O'Brien*, 188 F.3d at 128.

Accordingly, the subjection objection is overruled. Each party is to bear its respective costs.

IT IS SO ORDERED.

---

**7.** *See* Doc. # 1992, 11/16/05 Tr. p. 21, ¶ 20–22.