In re Timothy J. SEIVERS, Debtor.

Department of the Treasury, Internal Revenue Service, Movant,

v.

Timothy J. Seivers, Respondent.

Timothy J. Seivers, Movant,

v.

Department of the Treasury, Internal Revenue Service, Respondent.

No. 05–10656.

United States Bankruptcy Court, W.D. Pennsylvania.

Jan. 11, 2007.

Donald R. Calaiaro, Esq., Pittsburgh, PA, attorney for Debtor.

Brittney N. Campbell, Esq., Washington, D.C., attorney for the Department of the Treasury, Internal Revenue Service.

## OPINION

WARREN W. BENTZ, Bankruptcy Judge.

### Background

Timothy J. Seivers ("Debtor") filed a voluntary Petition under Chapter 11 of the Bankruptcy Code on March 7, 2005. The Department of the Treasury, Internal Revenue Service ("IRS") received a Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors & Deadlines ("Notice") entered on the docket on June 2, 2005. The Notice provided that the deadline to file a proof of claim for a governmental unit was September 6, 2005 (the "Bar Date"). The IRS filed its proof of claim on April 12, 2006.

On April 20, 2006, Debtor filed its Objection to the claim of the IRS at Document No. 299 which asserts *inter alia* that the claim should be stricken because the IRS did not file its claim within the applicable time period allowed under the Bankruptcy Code.

In its Answer to the Debtor's objection, the IRS raises as a defense that its failure to file a timely proof of claim was the result of excusable neglect and that pursuant to Fed.R.Bankr.P. 9006(b)(2), the Court may allow a late claim on the motion of a creditor where the failure to file a timely claim was the result of "excusable neglect."

The IRS then filed its MOTION FOR EXTENSION OF BAR DATE NUNC PRO TUNC at Document No. 314. Debtor opposes an extension and asserts that the IRS has not alleged sufficient facts to demonstrate that the delay in filing a claim is due to excusable neglect.

### Discussion

Pursuant to Fed.R.Bankr.P. 9006(b)(1), a bankruptcy court may allow a creditor to file a late claim "on motion made after the expiration of the specified period ... where the failure to act was the result of excusable neglect." Fed.R.Bankr.P. 9006(b)(1).

 "Because Congress has provided no other guideposts for determining what sorts of neglect will be considered 'excusable,' we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395, 113 S.Ct. 1489, 1498, 123 L.Ed.2d 74 (1993). "The determination whether a party's neglect of a bar date is 'excusable' is essentially an equitable one, in which courts are to take into account all relevant circumstances surrounding a party's failure to file." *Chemetron Corp. v. Jones*, 72 F.3d 341, 349 (3d Cir.1995). "Under *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), Courts look to four factors: first, prejudice to the Debtors; second, length of delay and its potential impact on judicial proceedings; third, the reason for delay, including whether it was within the reasonable control of the movant; and, fourth, whether the movant acted in good faith." *In re American Classic Voyages Co.*, 405 F.3d 127, 133 (3d Cir.2005) *citing Pioneer* at 395, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74. "All factors must be considered and balanced; no one factor trumps the others." *In re American Classic Voyages Co.* at 133 *citing George Harms Constr. Co. v. Chao*, 371 F.3d 156, 164 (3d Cir.2004).

As we discuss below, the inquiry is necessarily fact intensive and we find that we

are unable to make a determination on the record before us.

### 1. Prejudice to the Debtor

The IRS, as the party seeking to file a late claim, carries the burden of proving a lack of prejudice to the Debtor. *In re Cable and Wireless USA, Inc.,* 338 B.R. 609, 614 (Bankr.D.Del.2006). "Prejudice is not an imagined or hypothetical harm; a finding of prejudice should be a conclusion based on facts in evidence." Id. *quoting In re O'Brien Environmental Energy, Inc.,* 188 F.3d 116, 127 (3d Cir.1999).

Relevant factors that may be considered in determining whether there is a danger of prejudice to the debtors include:

1) whether the debtor was surprised or caught unaware by the assertion of a claim that it had not anticipated;

2) whether allowance of the claim would jeopardize the success of the debtor's reorganization;

3) whether allowance of the claim would adversely impact the debtor actually or legally;

4) whether allowance of the claim would open the floodgates to other future claims;

5) the size of the claim with respect to the rest of the estate;

6) whether allowance of the claim would have an adverse impact on judicial administration of the estate; and

7) whether all parties can be placed in the same situation they would have been in if the late filing had not occurred.

*See In re O'Brien Environmental Energy, Inc.,* 188 F.3d 116 (3d Cir.1999); *In re Garden Ridge Corp.,* 348 B.R. 642 (Bankr. D.Del.2006); *In re Cable & Wireless USA, Inc.,* 338 B.R. 609 (Bankr.D.Del.2006).

The IRS asserts that the Debtor was aware of the potential claim against him prior to the bankruptcy and therefore, Debtor could not have been surprised by the IRS's claim. Further, Debtor has not filed a disclosure statement and plan and the IRS posits that it has filed its claim in plenty of time for inclusion in any plan that the Debtor may propose.

In contrast, the Debtor asserts that he didn't control the creation of the corporate tax return records or have access to them and that certain testimony may have become unavailable during the IRS's delay in filing the claim. Further, Debtor asserts that in the litigation involving the Chapter 7 Trustee of the Seivers Enterprises, Inc. bankruptcy, had the IRS timely filed a proof of claim, the Debtor would have engaged in a different settlement strategy.

Many factual issues exist and evidence is required before a determination of whether the late filing caused prejudice to the Debtor can be made.

### 2. Length of Delay and its Potential Impact on Judicial Proceedings

The length of the delay in this case is approximately 7 months. The Bar Date was September 6, 2006 and the IRS filed its claim on April 12, 2006. There was a further 3 month delay until July 20, 2006 when the IRS filed the within Motion for Extension on Bar Date.

In addition to the actual amount of time that passed between the Bar Date and the late filing, the Third Circuit stated that courts should consider the "length of delay in absolute terms." *In re O'Brien,* 188 F.3d at 130 (emphasis added). In *In re O'Brien,* for example, the actual delay was only two months (i.e., the claim was fled two months after the Bar Date), but, in that two months, the debtor's Plan became effective. As such, the actual delay took on "significance mainly because of the intervening occurrence of the effective date of the Plan...." *Id.* the Third Circuit held that

the delay "should not be held to turn entirely on the urgency created by the debtor's time line. Such an approach makes the two month delay seem significant, whereas a similar delay [in another case] ... would be insignificant." *Id.* In this case, the length of delay is one year and eight months, but Appellants did file their claim before the confirmation of Appellees' Plan. The Court acknowledges that in many cases where excusable neglect arguments are rejected, the late claimants have filed after the confirmation date. *See, e.g., [Jones v. Chemetron Corp.,] Chemetron II,* 212 F.3d [199] at 205 [(3d Cir.2000)] (excusable neglect argument rejected where late claimants filed two years after the confirmation date); *[In re* Trump] *Taj Mahal [Associates],* 156 B.R. [928] at 938 [(Bankr.D.N.J.1993)] (excusable neglect argument rejected where late claimants filed more than one year after the confirmation date). Nonetheless, as the Bankruptcy Court stated, the delay in this case is not insignificant: "This debtor is well on the road toward trying to get a confirmable plan together. Having filed these claims at this point in time will jeopardize that process. It will certainly change distributions to other creditors within certain classes."

*PacifiCorp and VanCott Bagley Cornwall & McCarthy v. W.R. Grace,* 2006 WL 2375371, Civil Action No. 05–764 (D.DE Aug. 16, 2006) *quoting, In re O'Brien,* 188 F.3d at 130 (emphasis added).

The IRS asserts that since the Debtor has not yet filed a disclosure statement or plan, the delay causes no effect on the judicial process.

The Debtor asserts that the IRS offers no explanation for the delay and no attempt to explain why its actions are excusable.

The parties do not address the delay in *absolute* terms. Debtor has stated that during the delay, it effectuated a settlement that was the framework of a viable Chapter 11 Plan and that it would have approached the settlement negotiations differently had the IRS timely filed a proof of claim.

Again, evidence will be necessary before it can be determined whether this factor balances in favor of the Debtor or the IRS.

### 3. Reason for Delay and Whether it was in Control of the Movant

The IRS posits that had the Debtor listed the potential IRS claim on his bankruptcy schedules, the IRS would have been alerted to the pending assessment and then would likely have obtained the necessary information to timely file a proof of claim.

The Debtors asserts that the delay was due to the IRS's own faulty procedures. This divergent analysis will require evidence before the Court can balance the reason for delay.

### Conclusion

The Court is unable to make a determination on the record before it, whether the failure of the IRS to file a timely claim was the result of excusable neglect. An Order will be entered allowing for a period of discovery on both motions and fixing a status conference at which a trial date will be fixed.